UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI MCGRAW,<br><br>                                  Plaintiff,<br>   vs.<br>HOME SERVICES LENDING, LLC, et al.,<br><br>                                 Defendant. | CASE NO. 11cv1138-L (MDD)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO QUASH SUBPOENA [Doc. No. 18] |

<u>Background</u>

    Before the Court is Plaintiff's Motion to Quash subpoenas to Plaintiff's current employer. Defendants have filed an Opposition. The documents requested which remain at issue are: Plaintiff's personnel file; wage/salary history; application for employment, resume, and reference or background checks; offer letters and employment agreements; and, records of payments.

    The case was brought by Plaintiff to recover unpaid wages under federal and state law from Plaintiff's former employer. Plaintiff, as the real party-in-interest, opposes production of records from Plaintiff's current employer on a variety of grounds, including relevance, overbreadth and based upon California's privacy laws. Defendants claim that the information is relevant asserting that Plaintiff's current employment is virtually identical to Plaintiff's position with Defendant. Consequently, say Defendants, Plaintiff's current record of wages and hours, as well as any records reflecting the manner in which Plaintiff characterized Plaintiff's employment with Defendant bear upon Plaintiff's claims for unpaid wages from Defendant.

<u>Legal Standard</u>

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*.  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*.  There is no requirement that the information sought directly relate to a particular issue in the case.  Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978).  District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id*.

A party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id*. at 34(b).  The responding party is responsible for all items in "the responding party's possession, custody, or control." *Id*. at 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995).

<u>Discussion</u>

The Court agrees with Plaintiff that the documents subpoenaed from his current employer are not relevant.  The terms and conditions of Plaintiff's current employment have no bearing on whether Defendant classified Plaintiff correctly or improperly withheld wages.  To the extent that

1  Plaintiff described Plaintiff's former employment in a job application or resume also is not relevant
2  - the ultimate issue in this case is the work actually performed for Defendants by Plaintiff.

<u>Conclusion</u>

4  The subpoena issued by Defendants to Samuel Scott Financial Group is quashed. Samuel
5  Scott Financial Group is not to produce any responsive documents.
6  IT IS SO ORDERED:
7  DATED: December 22, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge